FILED IN OPEN COURT
6/23/2021
TIMOTHY M. O'BRIEN, CLERK
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

        Plaintiff,

v.

ASHLEY M. GEORGE

        Defendant.

Case No. 2:20-cr-20037-JAR

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Ryan J. Huschka, and Ashley M. George, the defendant, personally and by and through her counsel, Jeffrey Gedbaw, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Information charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), that is, possession with the intent to distribute five or more grams of methamphetamine. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which she has agreed to plead guilty is not less than 5 nor more than 40 years of imprisonment, a $5 million fine, not less than 4 nor more than 5 years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed.

2.    **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On October 25, 2019, a police officer stopped a white Dodge Durango for making an illegal U-turn in Kansas City, Kansas. Raul Camacho-Munoz was the driver, and the defendant was the passenger. The officer observed alcohol in plain view and searched the vehicle. Camacho was found to be in possession of 5 bags of methamphetamine, weighing approximately 100 grams, and a loaded .40 caliber Smith & Wesson pistol, Model SD40VE, was between the driver's seat and the console. Camacho also had $3,879 in U.S. currency. The defendant had a gray bag that was found to contain approximately 80 grams of methamphetamine, baggies, and scales. The defendant had $675 in U.S. currency and was sitting on a stolen, loaded .22 caliber Ruger pistol, Model SR22P. The substances possessed by the defendant and Camacho field-tested positive for methamphetamine. The defendant's phone was seized and later searched after a warrant was obtained, and it revealed photographs of drugs and the defendant holding firearms. Based on law enforcement's training and experience, the amount of methamphetamine possessed by the defendant and Camacho, respectively, and the manner in which it was possessed, is indicative of possession with the intent to distribute. Further, based on law enforcement's training and experience, the quantity of methamphetamine possessed would of include at least 5 grams of actual methamphetamine.

3. **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of

calculating the offense level for the count of conviction, in accordance with United States

Sentencing Guidelines (U.S.S.G.) § 1B1.3.

      5.    **Government's Agreements.**  In return for the defendant's plea of guilty as set

forth herein, the United States Attorney for the District of Kansas agrees:

      (a)    to dismiss the Indictment, previously returned in the above-captioned matter, at the time of sentencing;

      (b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the present Information and the Indictment;

      (c)    to allow the defendant to reserve the right to request a downward departure and/or a variance; and

      (d)    to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.  In addition, if her offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds she qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because she timely notified the government of her intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's

continuing to manifest an acceptance of responsibility.  If the defendant denies or gives

conflicting statements as to her involvement, falsely denies or frivolously contests relevant

conduct the Court determines to be true, willfully obstructs or impedes the administration of

justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in

additional criminal conduct, the United States reserves the right to petition the Court for a

hearing to determine if she has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached

or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of

justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in

additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms,

3

the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, she understands and agrees that all statements she made, any testimony she gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements she made subsequent to this Plea Agreement.

6.    **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence she will receive.

7.    **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the forfeiture of the following property to the United States:

(a)    U.S. currency in the amount of $3,879;

(b)    U.S. currency in the amount of $675;

(c)    a .22 caliber Ruger pistol, Model SR22P, serial number 367-25732;

(d)    a .40 caliber Smith & Wesson pistol, Model SD40VE; and

(e)    ammunition.

The defendant agrees that this firearms, ammunition, and currency listed above were used or intended to be used to facilitate the commission of Count 1. The defendant knowingly and voluntarily waives her right to a jury trial regarding the forfeiture of property, and voluntarily

4

waives all constitutional, legal and equitable defenses to the forfeiture set out in this paragraph. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of her sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of her interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8.     **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which she does not agree, she will not be permitted to withdraw her guilty plea.

9.     **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against her at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during her period of incarceration.

10.     **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords her the

5

right to appeal the conviction and sentence imposed.  The defendant also waives any right to

challenge her sentence, or the manner in which it was determined, or otherwise attempt to

modify or change her sentence, in any collateral attack, including, but not limited to, a motion

brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d

1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).

In other words, the defendant waives the right to appeal the sentence imposed in this case, except

to the extent, if any, the Court departs upwards from the sentencing Guideline range that the

Court determines to be applicable.  However, if the United States exercises its right to appeal the

sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this

waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).

Notwithstanding the forgoing waivers, the parties understand that the defendant in no way

waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial

misconduct.

11. **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether

asserted directly or by a representative, to request or receive from any department or agency of

the United States any records pertaining to the investigation or prosecution of this case,

including, without limitation, any records that may be sought under the Freedom of Information

Act, 5 U.S.C. § 552.  The defendant further waives any rights conferred under the Privacy Act of

1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to

this case.

12. **Full Disclosure by United States.**  The defendant understands the United States

will provide to the Court and the United States Probation Office all information it deems relevant

to determining the appropriate sentence in this case.  This may include information concerning

her background, character, and conduct, including the entirety of her criminal activities.  The

6

defendant understands these disclosures are not limited to the count to which she is pleading guilty. The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13.     **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only her and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14.     **Voluntariness of Guilty Plea.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with her attorney and she is fully satisfied with the advice and representation her attorney provided. Further, the defendant acknowledges that she has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty. She further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

RYAN HUSCHKA   Digitally signed by RYAN HUSCHKA
               Date: 2021.04.21 14:38:28 -05'00'
_____                    Date:_____
Ryan J. Huschka
Assistant United States Attorney

7

s/ *Scott C. Rask*

Scott C. Rask
Assistant United States Attorney
Supervisor

Date: April 21, 2021

Ashley M. George
Defendant

Date: Co / 18 / 21

Jeffrey Gedbaw
Miller & Terry
618 SE 4th Street
Lee's Summit, MO 64063
Counsel for Defendant

Date: 6 - 18 - 21

8