IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ASHLEY M. GEORGE,

    Defendant.

Case No. 20-20037-JAR-1

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Ashley George's *pro se* Motion for Compassionate Release (Doc. 84).[1] The Government has filed a response brief. Defendant did not reply. As explained more fully below, the Court dismisses Defendant's motion for failure to exhaust her administrative remedies.

**I.    Background**

Defendant was charged with possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 2; and with firearm offenses under 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(c), and 2.[2] On June 23, 2021, Defendant waived Indictment and pleaded guilty to an Information charging her with one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

---

[1] Because Defendant appears *pro se*, the Court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as her advocate. *Id.*

[2] Doc. 1.

(b)(1)(B)(viii).[3] On October 12, 2021, the Court imposed a sentence of 108 months' imprisonment, followed by four years' supervised release.[4]

Defendant now asks the Court to reduce her sentence based on the poor conditions of her confinement, delayed medical treatment for her health issues, ineligibility for First Step Act credits, and the purity level of methamphetamine for which she was sentenced.

Defendant's scheduled release date is May 19, 2028.

## II.     Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[5] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[6] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[7] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is

---

[3] Docs. 43, 55, and 57.

[4] Doc. 71.

[5] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[6] Pub. L. No. 115-391, 132 Stat. 5194.

[7] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

lacking and do[es] not need to address the others."[8]  If the court grants the motion, however, it must address all three steps.[9]

### III. Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[10]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[11]  Here, the Government argues that this Court must dismiss Defendant's motion without reaching the merits because she fails to show that she has satisfied the statute's exhaustion requirement.  Defendant offered no evidence of exhaustion in her motion, and she did not file a reply responding to the Government's invocation of the exhaustion rule.  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's compassionate release motion without prejudice to refiling if and when she exhausts her administrative remedies.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Ashley George's Motion for Compassionate Release (Doc. 84) is **dismissed without prejudice to refiling** once she has exhausted her administrative remedies.

**IT IS SO ORDERED.**

Dated: May 30, 2024

---

[8] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[9] *McGee*, 992 F.3d at 1043 (citation omitted).

[10] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[11] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

[12] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

                                        <u>S/ Julie A. Robinson</u>
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE