IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**ASHLEY M. GEORGE,**

    **Defendant.**

Case No. 20-20037-JAR-1

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Ashley George's pro se Letter (Doc. 93) to the Court requesting a sentencing adjustment.[1] The Government has filed a response brief. Defendant did not reply. As explained more fully below, the Court dismisses Defendant's motion for lack of jurisdiction.

**I.  Background**

Defendant was charged with possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 2; and with firearm offenses under 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(c), and 2.[2] On June 23, 2021, Defendant waived Indictment and pleaded guilty to an Information charging her with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

---

[1] Because Defendant appears pro se, the Court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as her advocate. *Id.*

[2] Doc. 1.

(b)(1)(B)(viii).³  On October 12, 2021, the Court imposed a sentence of 108 months' imprisonment, followed by four years' supervised release.⁴

Defendant now asks the Court to reduce her sentence to be commiserate with her co-defendant's sentence by requiring the Bureau of Prisons ("BOP") to credit time she served in state custody for a probation violation.  Defendant is currently confined at Hazelton FCI in West Virginia.

## II.     Discussion

18 U.S.C. § 3585 governs when a defendant must be given credit toward service of a term of imprisonment for time that the defendant served before the date of the sentence begins. The Supreme Court has interpreted this provision to mean "that computation of the credit must occur after the defendant begins his sentence."⁵  The Attorney General, through the BOP, is responsible "for administering the sentence."⁶  The BOP has "detailed procedures and guidelines for determining the credit available to prisoners," and "[f]ederal regulations have afforded prisoners administrative review of the computation of their credits."⁷  A defendant may seek judicial review of the BOP's computation after exhausting those administrative remedies.⁸

There is no indication that Defendant sought to exhaust her administrative remedies through the BOP for obtaining credit for her time in state custody.  And a petition seeking judicial review of such determination must be made through a petition for writ of habeas corpus

---

³ Docs. 43, 55, and 57.

⁴ Doc. 71.

⁵ *United States v. Wilson*, 503 U.S. 329, 333 (1992).

⁶ *Id.*

⁷ *Id.* at 335.

⁸ *Reed v. United States*, 262 F. App'x 114, 116 (10th Cir. 2008); *see* 28 C.F.R. §§ 542.10–542.19.

under 28 U.S.C. § 2241 in the district where the prisoner is confined.[9]  Accordingly, Defendant's request for a sentencing adjustment must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Ashley George's Letter requesting a sentencing adjustment (Doc. 93) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated: September 16, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9] *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808 (10th Cir. 2007) (considering challenge to good time credits under 28 U.S.C. § 2241 because it challenges "the execution of the sentence rather than its validity and must be filed in the district where the prisoner is confined").